IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02172-WDM-CBS

VICKI R. DILLARD-CROWE,

    Plaintiff,

v.

CITIBANK, N.A., as Trustee, et al.,

    Defendants.

## ORDER ON MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Motion to Dismiss for Lack of Jurisdiction (doc no 12) filed by Defendant Diane Bailey ("Public Trustee"), the Motion for Summary Judgment (doc no 15) filed by Plaintiff Vicki R. Dillard-Crowe, and the Motion to Dismiss (doc no 25) filed by Defendants CitiBank, N.A. ("CitiBank"), and Avelo Mortgage ("Avelo"). Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motions to dismiss filed by Defendants will be granted and Plaintiff's motion for summary judgment will be denied as moot.

This case concerns two completed foreclosures on properties located in Douglas County, Colorado, formerly owned by Plaintiff. Her claims against Avelo arise from foreclosure proceedings on real property known by street and number as 12066 North 3rd Street, Parker, Colorado ("3rd Street Property"). On April 25, 2007, Avelo obtained a Public Trustee Certificate of Purchase for the 3rd Street Property from the Douglas County Public Trustee following the foreclosure sale. Avelo then initiated a forcible

entry and detainer action against a tenant occupying the property. Plaintiff's claims against CitiBank arise from foreclosure proceedings on real property known by street and number 20 Red Deer Road, Franktown, Colorado ("Red Deer Property"). CitiBank obtained a Public Trustee deed to the Red Deer Property on July 27, 2007, also following a completed foreclosure. Defendant Diane Bailey is the Public Trustee for Douglas County. After the foreclosures were completed and title vested in Avelo and CitiBank, Plaintiff filed challenges in the County Court for Douglas County, Colorado, seeking to vacate the foreclosure sales. She then filed her complaint in this Court on October 15, 2007, alleging defects in the foreclosure proceedings and seeking damages.[1]

This case is substantially similar to other lawsuits filed by the Plaintiff in this Court concerning other real property Plaintiff lost to foreclosure, specifically Consolidated Civil Action No. 07-cv-01987-WDM-CBS (Consolidated with Civil Action No. 07-cv-02293-WDM-CBS). I recently dismissed those cases after accepting the recommendation of United States Magistrate Judge Craig B. Shaffer (see doc no 45 in Civil Action No. 07-cv-01987). For substantially the same reasons as set forth in Magistrate Judge Shaffer's recommendation, this case will also be dismissed.

I take judicial notice of the pleadings and other filings filed in the state court

---

[1]Plaintiff's Amended Complaint and Jury Demand (doc no 29) is the operative pleading at this time. In it, Plaintiff asserts the following claims against the Defendants: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) misrepresentation and fraud; (3) denial of due process for failure to give notice of the foreclosure hearing/sale; (4) failure to comply with state foreclosure statutes; (5) unlawful transfer of real property; (6) lack of contractual relationship with the holders of the promissory notes; (7) breach of contract and interference with contractual relations.

actions, which I consider to be incorporated in Plaintiff's complaint. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss"). These establish that Plaintiff obtained title to the 3rd Street Property and Red Deer Property by executing promissory notes secured by deeds of trust. She thereafter defaulted on the mortgages. Avelo and CitiBank, as the holders of the promissory notes, initiated foreclosure proceedings. Plaintiff did not challenge those proceedings until after the redemption period had expired and the foreclosure sales vested title in Avelo and CitiBank. The Douglas County state court declined to vacate the foreclosure sales. Although Plaintiff appealed the Avelo foreclosure to the Colorado Court of Appeals, her appeal was dismissed. There is no indication that she sought to appeal the CitiBank foreclosure. Plaintiff's claims against the Public Trustee relate only to the Public Trustee's actions in execution of her official duties in the two foreclosure proceedings.

I conclude that Plaintiff's complaint must be dismissed because this Court does not have subject matter jurisdiction. First, as noted by the Public Trustee, there is no diversity jurisdiction here under 28 U.S.C. § 1332 because the parties are not completely diverse. It is apparent from the pleadings that both Plaintiff and the Public Trustee are citizens of Colorado; accordingly, diversity jurisdiction is lacking. *Salt Lake Tribune Publishing Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003) ("It has long been the rule that to satisfy the diversity of citizenship requirements of 28

3

U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant.").

In addition, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331, as there is no issue concerning the Constitution, laws, or treaties of the United States. Although Plaintiff purports to assert a claim for violations of the Fair Debt Collection Practices Act, this claim fails as a matter of law because none of the defendants is a debt collector. 15 U.S.C. § 1692a (6) (defining "debt collector" under FDCPA). For the reasons set forth in Magistrate Shaffer's recommendation (doc no 45 in Civil Action No. 07-cv-01987), I conclude that CitiBank and Avelo are creditors collecting on their own debt and so fall outside of the scope of the FDCPA. In addition, for the reasons set forth in the Public Trustee's motion to dismiss and reply brief, I conclude that the Public Trustee is not a debt collector or otherwise subject to the FDCPA.

Plaintiff also alleges a claim of denial of due process for failure to give notice of the foreclosure hearing/sale. However, the state court determined that adequate notice was sent; accordingly, I conclude that this issue is barred by the principles of collateral estoppel (or issue preclusion). "The doctrine of issue preclusion provides that a court's final decision on an issue actually litigated and decided in a previous suit is conclusive of that issue in a subsequent suit between the same parties or their privies, and may not be relitigated." *In re Water Rights of Elk Dance Colorado, LLC*, 139 P.3d 660, 667 (Colo. 2006). Under Colorado law, issue preclusion bars relitigation of an issue when: (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final

judgment on the merits in the prior proceeding; and (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Id.* (citation omitted). All of these elements apply here. Plaintiff sought to vacate both foreclosure sales on the grounds that she did not receive notice; the court in both cases determined that adequate notice was sent to Plaintiff at the several addresses contained in the records. See Exh. 15, 37, and 39 to CitiBank and Avelo's Motion to Dismiss (doc nos 25-16, 25-38, and 25-40). The judgments are final, as Plaintiff's appeals have been dismissed or are foreclosed. The parties in this and the state court proceedings are identical and Plaintiff had a full opportunity to litigate the notice issue. Because Plaintiff is estopped from claiming she did not receive notice of the foreclosure hearing, her due process claim fails as a matter of law.[2]

Defendants Avelo and CitiBank also assert that jurisdiction is lacking here because Plaintiff's claims at their heart seek to invalidate the final state court judgments of foreclosure, which is prohibited under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered

---

[2]Plaintiff asserts throughout her pleadings and briefs that the notice was deficient because it did not strictly comply with Rule 120(b) of the Colorado Rules of Civil Procedure regarding the number of days in advance of the hearing the notice needed to set forth as a response date. This technical defect is not sufficient to state a federal due process claim, which is determined by federal standards regarding basic procedural fairness. *Ward v. Anderson*, 494 F.3d 929, 935 (10th Cir. 2007) ("[A] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause."). Plaintiff does not allege and has never argued that this alleged error in the notice affected her ability to understand what was at stake, when and where the hearing would occur, or prevented her from filing a response and/or otherwise contesting the sale.

before the district court proceedings commenced.' " *Lance v. Dennis*, 546 U.S. 459 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). However, it is not clear whether the state court judgments were final before Plaintiff commenced her litigation here, since she filed numerous post-judgment motions and an appeal in the state proceedings after initiating her lawsuit in this Court. Accordingly, I do not rely on the *Rooker-Feldman* doctrine in dismissing this case.

Because I do not have subject matter jurisdiction, this case should be dismissed and Plaintiff's motion for summary judgment should be denied as moot.

Accordingly, it is ordered:

1. The Motion to Dismiss for Lack of Jurisdiction (doc no 12) filed by Defendant Diane Bailey and the Motion to Dismiss (doc no 25) filed by Defendants CitiBank, N.A. and Avelo Mortgage are granted.

2. The Motion for Summary Judgment (doc no 15) filed by Plaintiff Vicki R. Dillard-Crowe is denied as moot.

3. This case is dismissed without prejudice.

DATED at Denver, Colorado, on September 10, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge